UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JONATHAN RICHARDSON,

                                Plaintiff,

v.                                              Case # 14-CV-6138-FPG

                                                     DECISION AND ORDER

C.O. TIMOTHY EBERTH,
C.O. JOHN BARBERA,
C.O. MICHAEL MCCALL,
C.O. THOMAS CAMPBELL, and
C.O. SHAWN MALONEY,

                                Defendants.

*Pro se* Plaintiff Jonathan Richardson has brought this suit under 42 U.S.C. § 1983, alleging that Defendants, who are employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), violated his Constitutional rights by subjecting him to excessive force on January 28, 2012 at Wende Correctional Facility. ECF No. 1. Because Plaintiff failed to exhaust his administrative remedies before commencing this action, Defendants' Motion for Summary Judgment (ECF No. 8) is granted, and this case is dismissed with prejudice.

## DISCUSSION

The standard for ruling on a summary judgment motion is well known. A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings,

depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In order to establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-587). However, the Second Circuit has held that factual issues regarding non-exhaustion are *not* issues for a jury to resolve, but rather are threshold issues that must be determined by the Court. *See Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011) ("[Plaintiff] is incorrect that the presence of disputed material facts converts exhaustion into a jury issue. Matters of judicial administration often require district judges to decide factual disputes that are not bound up with the merits of the underlying dispute.")

Because Plaintiff is proceeding *pro se,* his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal

quotation marks omitted). Accordingly, Plaintiff's submissions are interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

The Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to commencing this lawsuit, and as a result, this action cannot proceed. I agree.

Under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 … or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). If an inmate fails to exhaust his administrative remedies, he is barred from commencing a federal lawsuit. *Martin v. Niagara County Jail*, No. 05–CV–00868(JTC), 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012). In other words, to commence a lawsuit, "prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012). Exhaustion necessitates "using all steps that the [government] agency holds out, and doing so properly." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). To be "[p]roper," exhaustion must comply with all of the agency's "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90–91.

To satisfy the PLRA's exhaustion requirement, an inmate in New York is generally required to follow the prescribed DOCCS grievance procedure, which is set forth at 7 N.Y.C.R.R. § 701.5. In short, a prison inmate's administrative remedies consist of a three-step grievance and appeal procedure: (1) investigation and review of the grievance by the Inmate

3

Grievance Resolution Committee ("IGRC"), which is comprised of inmates and DOCCS employees; (2) if appealed, review of the IGRC's determination by (or, if the committee is unable to reach a determination, referral to) the superintendent of the facility; and (3) if the superintendent's decision is appealed, review and final administrative determination by the Central Office Review Committee ("CORC"). *See Id.* All three steps of this procedure must ordinarily be exhausted before an inmate may commence suit in federal court. *See Morrison v. Parmele*, 892 F. Supp. 2d 485, 488 (W.D.N.Y. 2012) (citing *Porter*, 534 U.S. at 524).

There is no dispute in this case that Plaintiff filed a grievance relating to this matter, and that he appealed the denial of his grievance to the facility superintendent. The parties only disagree as to whether Plaintiff completed the third step in the grievance process by appealing to the CORC.

Defendants have submitted proof in admissible form by way of an affidavit from Cynthia LaCoy, who is employed as a Secretary I at DOCCS' Inmate Grievance Program. ECF No. 8-4. In her affidavit, LaCoy states that she searched DOCCS' records to see if Plaintiff appealed any grievance related to this case to the CORC, and although LaCoy found one unrelated appeal of another grievance from Plaintiff to CORC, her search revealed "no record of Plaintiff appealing to CORC any grievances from Wende CF" and also revealed "no record of Plaintiff appealing to CORC any grievances during the year 2012." *Id.*

Plaintiff argues that he did file an appeal with the CORC, but his "position is that his appeal was intentionally thrown away to prevent him from filing his 1983 complaint." ECF No. 11, at 1. In support of this position, Plaintiff submitted a one page affidavit, which states:

> I want to swear to the fact that, I was assaulted and excessive force was used against me by the five defendants in this case without any provocation on my behalf, and that after the assault and excessive force against me by these defendants, plaintiff did in fact filed his grievances concerning this incident to the I.G.R.C. office in Wende Correctional Facility, and then after appeal said grievances to the

4

> Superintendent of the facility, and then thereafter submitted said appeals of the Superintendent's denials to the I.G.R.C. office at the Facility to appeal said Superintendent's denials to the C.O.R.C. office in Albany. Therefore, the plaintiff exhausted all his appeals to his grievances.

ECF No. 11, at 19.

Also attached to Plaintiff's response is a copy of his original grievance, which bears a stamped grievance number of WDE-36152-12 (ECF No. 11, at 12), as well as a copy of the Superintendent's response to his grievance, which is dated February 27, 2012 at the top of the page and February 29, 2012 at the end of the Superintendent's decision. ECF No. 11, at 13. The bottom portion of the Superintendent's decision provided Plaintiff with an opportunity to appeal to the CORC. The document submitted by Plaintiff was completed, signed and dated by Plaintiff on March 13, 2012. *Id.* Plaintiff argues that these documents – his affidavit and the copy of his grievance appeal – demonstrate that he exhausted his administrative remedies. I disagree.

There are several problems with Plaintiff's claims and documentation. First, the copy of Plaintiff's alleged appeal to CORC contains a place at the bottom of the page (right below where the Plaintiff signed and dated the document) for the grievance clerk to sign and date the document. However, the document is not signed by the grievance clerk, nor does it bear any indicia that it was received or provided to any individual at the jail for transmission to the CORC.

In addition, Plaintiff's affidavit is devoid of any details. It simply states, in conclusory fashion, that Plaintiff exhausted his administrative remedies. But it is well settled that "mere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). The Plaintiff was on notice that the Defendants were challenging his failure to appeal to CORC, but Plaintiff's affidavit does not provide any specific details to support his allegations. It does not

5

state what specific person he gave it to in the prison, on what date he gave the appeal to anyone at the prison, or any other pertinent or specific information to support his allegations. The same is true of the Plaintiff's conclusory and generic allegations that his grievance was "intentionally thrown away," in that Plaintiff does not provide a single fact to support any part of this statement.

Plaintiff also argues that "after several months had pass (sic) without any response from CORC, Plaintiff wrote several letters to the CORC Director inquiring about the appeals he had filed." ECF No. 11, at 2. Plaintiff then attaches a letter dated March 3, 2014 (which responds to a letter from the Plaintiff dated February 25, 2014) from Karen Bellamy, Director of the Inmate Grievance Program. ECF No. 11, at 15. Ms. Bellamy's letter to Plaintiff states that grievance "WDE-36152-12 was answered by the Superintendent on February 28, 2012 and you did not appeal." *Id.* It strains credulity to believe that the Plaintiff would have filed an appeal with CORC on March 13, 2012, but would have then sat silently by for almost two years before attempting to determine why he had not received a response to his grievance appeal.

Simply put, the information presented by the Plaintiff fails to establish that he filed the required grievance appeal with CORC, nor is there any evidence before this Court to support a finding that his grievance appeal was somehow destroyed by any of the Defendants.

But even if I were to accept as true the document Plaintiff claims is a copy of his appeal to CORC, the Plaintiff has still failed to exhaust his administrative remedies because the document is untimely on its face. The Superintendent's decision bears two dates on the document: February 27, 2012 at the top, and February 29, 2012 at the bottom. The Plaintiff's alleged appeal to CORC is signed and dated March 13, 2012. But under the prescribed DOCCS grievance procedures, Plaintiff was required to file his appeal to CORC within seven days of receiving the Superintendent's decision. *See* 7 N.Y.C.R.R. § 701.5(d)(1)(i). ("If the grievant or

any direct party wishes to appeal to the CORC, he or she must complete and sign form #2133 and submit it to the grievance clerk within seven calendar days after receipt of the superintendent's written response to the grievance.) Even if the Court were to use the later date of February 29, 2012, and to allot the Plaintiff the standard three days for mailing (even though the document was likely hand delivered, since the Superintendent and the Plaintiff were in the same facility at the time), the alleged appeal to CORC would still be untimely. As previously stated, for an inmate to properly exhaust his administrative remedies, he must comply with all of the agency's "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90–91. Plaintiff failed to do so in this case.

Based on the record evidence, I conclude that no appeal was ever made to the CORC regarding this case, and that the Plaintiff therefore failed to exhaust his administrative remedies prior to bringing this lawsuit. While the Second Circuit has held that non-exhaustion can be excused under certain circumstances, *see Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004), the Plaintiff has advanced no justification to excuse his failure to exhaust his administrative remedies in this case. There is no evidence to support Plaintiff's conclusory claim that his grievance appeal to C.O.R.C. was thrown out, but in any event, it is irrelevant since his grievance appeal to C.O.R.C. (assuming it was filed) would be untimely. There is no evidence to demonstrate that Plaintiff was in any way prevented from accessing the grievance process as it relates to this incident, and there are no special circumstances alleged or proven that would justify the Plaintiff's failure to comply with DOCCS' grievance procedures. As a result, Plaintiff's failure to exhaust his administrative remedies is fatal to his action, and the Defendants are entitled to summary judgment.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 8) is GRANTED and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to enter judgment and to close this case.

IT IS SO ORDERED.

DATED:   March 29, 2016
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court